IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID L. KING,                                                      No. CIV S-04-2233-GEB-CMK

        Plaintiff,

    vs.                                                                      <u>ORDER</u>

D.L. RUNNELS, et al.,

        Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se and in forma pauperis, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are plaintiff's motion for discovery (Doc. 11) and defendants' motion to dismiss (Doc. 12).

        In his complaint, plaintiff claims that defendants discriminated against him during the course of classifying him for housing at a particular custody level.  Specifically, plaintiff alleges that eight extra points were added to his classification score because defendants refused to consider certain evidence and considered other evidence that was too old.  Plaintiff asserts that, but for this conduct, he would have been eligible to be housed at a lower security facility. Plaintiff seeks injunctive relief only, in the form of an order directing defendants to reduce his classification score by the disputed eight points.

As to plaintiff's motion for discovery, plaintiff simply states that he would like the court to direct defendants to produce various documents. The record does not, however, reflect that plaintiff ever served formal discovery requests, and plaintiff does not attach any such discovery requests to his motion. Therefore, the motion is premature and will be denied as such.

As to defendants' motion to dismiss, in their reply to plaintiff's opposition, defendants state that plaintiff's classification level was re-calculated on August 23, 2005, to a score of 51. Defendants state that this would entitle plaintiff to be housed in a Level III facility and that plaintiff has been recommended for transfer to such a facility in Folsom, California. Given that the gravamen of plaintiff's complaint is that he was improperly classified to a Level IV facility instead of a Level III facility, and because plaintiff seeks only injunctive relief in the form of an order directing re-classification to a Level III facility, it appears that plaintiff's claim may now be moot. However, in order to conclude that the claim is moot, the court would need to first consider the evidence of plaintiff's re-classification, which defendants attach to their motion to dismiss in the form of a declaration and supporting exhibits.

Generally, when resolving a motion to dismiss, the court may not consider materials outside the complaint and pleadings. See Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994); Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998). If materials outside the pleadings are considered, then the motion to dismiss is converted to a motion for summary judgment. See Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996). Here, because defendants cite to materials outside the pleadings in support of their motion, the court hereby converts the motion to dismiss into a motion for summary judgment. The court hereby gives the parties notice of such conversion and will provide plaintiff an opportunity to present evidence, if any, in opposition to the motion. See id. at 934-35. Moreover, because plaintiff is a prisoner proceeding pro se, plaintiff is hereby reminded of the court's advisories pursuant to Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), as set forth in the court's May 27, 2005, order. See Anderson, 86 F.3d at 935.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for discovery is denied without prejudice as premature;

2. Defendants' motion to dismiss, filed on August 22, 2005, is converted into a motion for summary judgment; and

3. Plaintiff may file an opposition, along with supporting evidence, to defendants' August 22, 2005, motion within 30 days of the date of service of this order.

DATED: October 12, 2005.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE