**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID L. KING,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>D.L. RUNNELS, et al.,<br><br>　　　　Defendants.<br>_____/ | No. CIV S-04-2233-GEB-CMK-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant's motion to dismiss (Doc. 12), which the court converted to a motion for summary judgment on October 13, 2005. Plaintiff has filed an opposition (Doc. 18).

**I.  BACKGROUND**

In his complaint, plaintiff claims that defendants discriminated against him during the course of classifying him for housing at a particular custody level. Specifically, plaintiff alleges that eight extra points were added to his classification score because defendants refused to consider certain evidence and considered other evidence that was too old. This resulted in

1

plaintiff being classified for a Level IV facility. Plaintiff asserts that, but for this conduct, he would have been eligible to be housed at a lower security facility. Plaintiff seeks injunctive relief only, in the form of an order directing defendants to reduce his classification score by the disputed eight points so that he would be eligible for transfer to a Level III facility.

## II.  APPLICABLE STANDARD

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> . . . always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to

1  establish the existence of this factual dispute, the opposing party may not rely upon the
2  allegations or denials of its pleadings but is required to tender evidence of specific facts in the
3  form of affidavits, and/or admissible discovery material, in support of its contention that the
4  dispute exists.  See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.  The opposing party
5  must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome
6  of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986);
7  T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and
8  that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict
9  for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

10         In the endeavor to establish the existence of a factual dispute, the opposing party
11  need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the
12  claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
13  versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary
14  judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a
15  genuine need for trial.'"  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory
16  committee's note on 1963 amendments).

17         In resolving the summary judgment motion, the court examines the pleadings,
18  depositions, answers to interrogatories, and admissions on file, together with the affidavits, if
19  any.  See Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See
20  Anderson, 477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed
21  before the court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.
22  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to
23  produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen
24  Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.
25  1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply
26  show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken

1  as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no
2  'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).
3         On May 27, 2005, the court advised plaintiff of the requirements for opposing a
4  motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See Rand v. Rowland, 154
5  F.3d 952 (9th Cir. 1998) (en banc); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

### III.  DISCUSSION

In their reply to plaintiff's initial opposition to their motion, defendants provide evidence that plaintiff has been re-classified to a Level III facility.  Specifically, plaintiff's classification level was re-calculated on August 23, 2005, to a score of 51.  Given that plaintiff seeks only an injunction directing that he be re-classified to a Level III facility, plaintiff's claim is now moot.  Defendants have met their summary judgment burden.

In his opposition to the converted motion, plaintiff argues that his current claim is not moot because his classification score can, under the applicable regulations, be re-calculated every year.  While there is indeed an exception to the mootness doctrine for claims which are capable of repetition yet evade review, this is not such a claim.  First, there is no indication that, should plaintiff's classification level be re-calculated, defendants would again refuse to consider certain evidence and consider other evidence that is too old, which is the factual basis for the complaint in this case.  Thus, the claim is not necessarily capable of repetition.  Second, even if the court were to assume that defendants would repeat the conduct alleged in this case, such action would give rise to a new claim which a court could review.

Based on the evidence presented by defendants, the court concludes that there is no longer a live controversy.  In sum, plaintiff sought by this action re-classification to a Level III facility, and that has happened.  Therefore, there is no relief the court can grant on plaintiff's complaint.

///

### IV. CONCLUSION

Based on the foregoing, the undersigned recommends that defendants' motion for summary judgment be granted, that judgment be entered accordingly, and that all other pending motions be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  November 3, 2005.

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE